SHELDON & Co. ET AL. *v.* UNITED STATES (No. 2451).[1]

CONSTRUCTION—CHANGE IN LANGUAGE SIGNIFYING CHANGE IN MEANING—SAINT JOHN'S BREAD OR BEAN.

In the tariff acts of 1890, 1894, 1897, 1909, and 1913, Saint John's bread or bean was given, eo nomine, free entry. The act of 1922 contains no eo nomine provision for it. Such deliberate omission of it from the free list indicates that Congress intended it to be no longer entered free. This, together with the fact that there is no showing that it is ever used as a drug, defeats the claim for free entry as such under paragraph 1567. Paragraph 749, providing for fruits in their natural state, was probably intended to be confined to the

---

[1] T. D. 40671.

fruits which are used for food generally. Proof that no more than 1 per cent of the merchandise imported is used for human food prevents its classification either as fruit under paragraph 749 or as vegetables under paragraph 772. It is obviously not classifiable with the various by-products stock feeds of paragraph 730, notwithstanding that its chief use in this country is in the manufacture of feed. It is classifiable under paragraph 1459 as a raw, unmanufactured article not enumerated or provided for.

United States Court of Customs Appeals, February 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8822 (T. D. 40262)

[Reversed and remanded.]

*Curtis E. Loehle* for appellants.

*William W. Hoppin*, Assistant Attorney General (*John A. Kemp*, special attorney, of counsel), for the United States.

[Oral argument Nov. 12, 1924, by Mr. Loehle and Mr. Kemp]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this case is what is known as "Saint John's bread" or "locust beans" and consists of the fleshy pods with the small seeds or beans inside, produced by the carob tree.

It was classified under paragraph 749 of the tariff act of 1922 which provides for "fruits in their natural state or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for."

Importers in their protests claimed classification under paragraph 1567 of the free list, which makes provision for various drugs such as beans, berries, fruits, seeds, etc., and other drugs of vegetable origin, which are natural and uncompounded drugs, not edible, not specially provided for, in a crude state; also under paragraph 1459 providing for raw, unmanufactured articles not enumerated or provided for; also under paragraph 772 providing for vegetables in their natural state, not specially provided for; and also under paragraph 730 covering bran and certain by-product feeds obtained in milling cereals, hulls of certain grain, ground or unground, and dried beet pulp and mixed feeds containing an admixture of grain or grain products with oil cake, etc.

In this court importers concede that there is less merit in their claims under the last two paragraphs than under those first mentioned, but do not abandon their claim under any thereof.

The Board of General Appraisers was of opinion that if importers had claimed the merchandise, by force of paragraph 1460, to be dutiable by similitude to beet pulp under paragraph 730, the protests might have been sustained, but as no such claim was made felt compelled to overrule them without approving the classification made by

the collector. It held also that the provision in paragraph 749 for fruits in their natural state, etc., was intended to be confined to what is known as the edible and succulent fruits used for food generally, and that the merchandise here was not classifiable thereunder.

At the hearing before the Board of General Appraisers no witnesses were called on behalf of the Government.

The testimony of record given by importers' witnesses shows in substance that Saint John's bread or locust bean is imported chiefly from the island of "Cypress," through British sources; that some is produced in Portugal and the island of Crete; that it contains a certain percentage of vegetable sugar which makes it valuable; that so far as witnesses know, practically all that is imported into this country is used in the manufacture of feed; that the importers here make therefrom in conjunction with other material, what they call "calf meal and feed for young poultry;" that it is used to some extent, how much does not appear, as food for human consumption in other countries; that it is occasionally sold from fruit stands or push carts in this country, chiefly in the "foreign section" of the city of New York, to people, especially children, who eat it as a confection because of the sugar it contains; that it is imported in the same condition as when gathered from the carob tree, with the exception that the pods are somewhat broken and have dried sufficiently to be ground; and that the quantity used for human consumption in this country is probably less than 1 per cent of the importations thereof.

There is nothing in the record which tends to show that it is ever used as a drug.

In the tariff act of 1890, paragraph 669; of 1894, paragraph 611; of 1897, paragraph 656; of 1909, paragraph 668; and of 1913, paragraph 595, there were eo nomine provisions for Saint John's bread or bean. Thereunder it was entitled to free entry. These paragraphs, generally speaking, relate to seeds of various kinds and it would seem that they were given free entry because used for the purpose of reproducing the species.

The tariff act of 1922 contains no eo nomine provision for Saint John's bread or bean. This deliberate omission of any provision for the commodity from the free list provisions of the act indicates that Congress no longer intended to give it the benefit of free entry, from which, of course, it follows that it is dutiable.

How shall it be classified?

We agree with the Board of General Appraisers that, upon this record, paragraph 749 is inapplicable, probably for the reason given by them as above stated. But in any event, the relatively infinitesimal use of the commodity here as a fruit, if it is so used, would not justify its classification thereunder.

There is nothing in the record which tends to show that it is within the class of drugs specified in paragraph 1567.

Neither does its very limited use as a confection justify its classification under paragraph 772 as a vegetable in its natural state.

It is unnecessary to consider the claim under paragraph 730 because clearly, on this record, it is not dutiable thereunder.

It remains, therefore, to consider the question of whether it may be classified as a raw, unenumerated, unmanufactured article under paragraph 1429. That question was so summarily disposed of by the board that we are unable to learn the reasons which led it to that conclusion nor does the Government here present anything that supports it.

In United States *v.* Winter & Smillie (4 Ct. Cust. Appls. 392; T. D. 33836) merchandise, evidently like that here but chopped into pieces, the pith and seeds being indiscriminately mixed together, was under consideration. The collector had classified it as a prepared edible fruit under paragraph 274 of the act of 1909. It was claimed to be entitled to free entry under paragraph 668 of the same act. We upheld this contention of the importers which had been sustained by the board.

Saint John's bread or bean however, is, as already decided, no longer entitled to free entry, and we are of opinion that the manifest intention of Congress to impose a duty thereon can, in view of the record in this case, best be given effect by holding the merchandise classifiable as a raw, unmanufactured article not enumerated or provided for, under paragraph 1459 and dutiable at 10 per cent ad valorem.

The judgment of the Board of General Appraisers is, therefore, reversed and the case remanded for further proceeding not inconsistent herewith. *Reversed.*